## H. B. REED v. W. B. NORTHRUP COMPANY.[1]

December 4, 1925.

No. 24,925.

**Form of account stated not conclusive as to terms of contract.**

1. The acceptance and retention of a remittance accompanied by a statement in the form set forth in the opinion does not commit the recipient as a matter of law to the contention of the sender as to what the original contract between the parties actually was.

[1]Reported in 206 N. W. 400.

**Appellant cannot complain on appeal of verbal inaccuracy in charge not brought to attention of court.**

2. The court made a charge in reference to the first cause of action in the complaint which was proper if limited to that cause of action, but the court inadvertently used two sentences extending the charge to the entire case. One was against appellant and the other in its favor. Appellant, without objection, took its chance with the jury and cannot now complain. The erroneous charge was a verbal inaccuracy not involving a controlling proposition of law. Hence counsel should then have directed the court's attention to it.

**Exception to charge too general to be effective.**

3. An exception by counsel to the charge of the court claiming "instructions as to first and second causes of action were not accurate or correct and could not be under the testimony" is ineffectual because it fails to indicate the alleged error.

1. See Accounts and Accounting, 1 C. J. p. 689, § 270; p. 693, § 277.
2. See Appeal and Error, 3 C. J. p. 843, § 751.
3. See Trial, 38 Cyc. p. 1796.

1. See note in 29 L. R. A. (N. S.) 334; 1 R. C. L. p. 213; 1 R. C. L. Supp. p. 67.

Action in the district court for Hennepin county to recover balance due upon a consignment of potatoes. The case was tried before ʻWaite, J., and a jury which returned a verdict for plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Trafford N. Jayne,* for appellant.

*C. G. Dosland* and *Olof L. Bruce,* for respondent.

WILSON, C. J.

The first cause of action in the complaint is to recover the contract price of 2 carloads of potatoes, each consisting of 600 bushels at the agreed price of 65 cents per hundredweight, amounting to $234 per car. The second cause of action is to recover for 3 carloads of potatoes containing 600 bushels, each at the same price or $702. Defendant remitted $819 leaving a balance of $350.46. The

answer denies the purchase of the potatoes and alleges that the 5 carloads of potatoes were consigned to defendant to be handled for the account of plaintiff and that it did so and had paid plaintiff the proceeds thereof, to-wit: $819, having retained a commission and expenses. It is conceded by defendant that it bought and paid $234 for the first carload. About the time the second carload was sent defendant on March 15, 1923, paid plaintiff another $234. On May 24, 1923, defendant sent plaintiff another check for $351.64 purporting to be in payment of the balance on an account rendered in the following form, to-wit:

Statement

Phones: Geneva 2437 Atlantic 0818

Minneapolis, Minn., May 24th, 1923.

Mr. H. D. [sic] Reed, Halstad, Minnesota,

In account with W. B. Northrup Company

Jobbers and Shippers Potatoes

600 Third Avenue North.

To balance and statement of our account as follows:

| Returns | GN .......... 253154 | $198.24 | |
|---|---|---|---|
| " | GN .......... 49938 | 150.34 | |
| " | CB&Q .......... 35774 | 181.30 | |
| " | GN .......... 51512 | 55.76 | $585.64 |
| Amount our draft Mar. 15th, 1923 | | | 234.00 |
| | Balance | | 351.64 |

Plaintiff's evidence showed an express contract of purchase in each cause of action. The jury found for plaintiff. Defendant has appealed from an order denying its motion for a new trial.

On the trial and now appellant concedes that as to the first cause of action the original contract was a sale, but it says there was a modification of that agreement resulting in the second car becoming a consignment and that the second check for $234 was to be applied upon an accounting for that car and also for the three cars mentioned in the second cause of action.

It is now the contention of appellant that respondent's acceptance of Exhibit 1 above set forth with the check accompanying the same was an admission of all its claims with reference to the four cars being handled on consignment, and that the cashing of the check and retention of the money made the admission conclusive. No authority is cited in support of this claim. It will be observed that the statement makes no mention of commission or other expense. It would be most unsatisfactory to the customer as an account for the sale of his property. Respondent says that he sold the potatoes outright and we do not think his cashing the check for $351.64, without any statement of appellant as to its claim except as appears from Exhibit 1 and the retention of the money, precludes him from asserting his contract as he says it was made. Its character was not such as to commit the respondent, as a matter of law, to the alleged terms of contract as subsequently claimed for the first time by appellant. The character of the statement and the circumstances do not bring it within the doctrine of Western Newspaper Union v. Segerstrom Piano Mnfg. Co. 118 Minn. 230, 136 N. W. 752.

Appellant attacks the charge to the jury. The court made separate reference to the facts in each cause of action, considering the second cause of action first. The court told the jury that if the transaction involving the three carloads of potatoes constituted a consignment and not an outright sale "that would end the case." This statement was correct because in that event the plaintiff would not have been entitled to recover, even if the jury had found adversely on the one car involved in the first cause of action. The amount of money he had received would then have more than paid him in full. All defendant sought was a dismissal. In reference to the instruction relative to the first cause of action the court in part said this: "If the defendant has not sustained the burden of proof as to that modification of the agreement, the plaintiff is entitled to a verdict for the sum that he asked for in his complaint. If you find that the defendant has sustained the burden of proof and has shown that there was this modified agreement by reason of the defective character of the potatoes, then your verdict should

be for the defendant." Evidently the trial court intended to instruct that, under the conditions favorable to the plaintiff, it was entitled to the amounts sought in the complaint by virtue of the first cause of action and, on the contrary, if the defendant established the modified agreement that the verdict should be for the defendant as to that particular cause of action. Under our view of the charge it was an inadvertent statement extending beyond the limitations of the first cause of action and, as such, the court's attention should have been directed to it by counsel.

If, as claimed by counsel, our construction of it is erroneous, then the second sentence therein was just as erroneous in favor of the defendant as the first was erroneous against him, and upon that construction he saw fit to let the matter stand. After unsuccessfully taking his chances with the jury he cannot now be heard to complain.

The record shows that, at the conclusion of the charge, the court asked counsel if they thought he had inadvertently omitted anything. to which they wished to call his attention and the record shows this: "Counsel for defendant claimed instructions as to the first and second causes of action were not accurate or correct and could not be under the testimony." This language as an exception or objection is futile. The purpose of an exception is to call the attention of the court to an error in order that it may then and there be corrected. Counsel must put his finger upon the error. Dun. Dig. § 9797. This is a blanket charge and does not disclose to the trial court what constituted the error. It is in fact meaningless insofar as pointing out the vice or error claimed. It was not helpful. We think the erroneous charge was a verbal inaccuracy and not involving a controlling proposition of law. Being such the failure to specifically point out the error at the time precludes the defendant from now urging it. Old Colony Life Ins. Co. v. Moeglein, supra, page 117.

Affirmed.