## HANS ALLEN v. ARNOLD E. JOHNSON.[1]

### December 19, 1919.

### No. 21,577.

**Negligence — contributory negligence — verdict sustained by evidence.**
1. The evidence sustains a finding of the jury that the defendant, whose auto came into collision with the plaintiff, was negligent, and it was not such as to require a finding that the plaintiff was negligent.

**Use of automobile — charge to jury.**
2. There was no error in calling the attention of the jury to the dangers attendant upon the use of an automobile, when explaining the care required, and the charge was not to the effect that an auto is a dangerous instrumentality.

**Duty of driver to give warning.**
3. There was no error in instructing as to the duty of a driver to give warnings, nor in reading a portion of G. S. 1913, § 2632, relative to the duties of a driver when approaching a pedestrian or a street intersection.

**Refusal to give requests to jury.**
4. There was no error in refusing to give requested instructions upon contributory negligence nor the relative rights of an auto and a pedestrian in a street, both matters being covered by the general charge.

[1]Reported in 175 N. W. 545.

**Instructions to jury not prejudicial.**

5. There was no prejudicial error in instructing the jury that the defendant claimed that the plaintiff walked in front of his auto and was injured, although his claim was that he walked into it.

**Verdict not excessive.**

6. The verdict is not excessive.

Action in the district court for Goodhue county to recover $15,000 for personal injuries. The answer alleged that plaintiff carelessly and negligently moved against and collided with defendant's automobile and thereby caused some injury to himself from which he had recovered. The case was tried before Johnson, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $6,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Mohn & Mohn* and *A. J. Rockne,* for appellant.
*Samuel A. Anderson* and *P. B. Green,* for respondent.

DIBELL, J.

Action for personal injuries. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The plaintiff on the night of February 4, 1918, while he was walking home, came into collision with the defendant's auto on one of the streets of Red Wing and was injured. He was walking on the easterly side of West avenue going in a southerly direction, and was approaching an intersection of streets which is called in the evidence the "square." From this square streets radiated in five directions sufficiently accurately stated as north, east, south, southwest and west. West avenue proceeded from this "square" in a southwesterly direction. The defendant was approaching from the southwest along the avenue in his auto. The plaintiff, according to his testimony, saw the auto before he got to the square, continued about half way across the square, going south, then looked again and saw the auto approaching on West avenue slightly southwest-

erly of the westerly side of the square. He then continued on his way and was struck by the fender of the auto before reaching the other side. He heard no signal or warning. When he started across from the middle of the street, the auto, upon his theory, was southwesterly of the square and a safe distance away. It might turn in his direction and go east on the street he was crossing, or it might go north on West avenue. If it went north he was not in its path. The jury could find that he might reasonably believe that there was time to get across though the auto came his way, and that he was not negligent in doing as he did, and it could find that if the defendant had kept a proper lookout and had given a warning and had gone slowly he could have avoided the accident and that he was wanting in care. The night was still and cold and there was nothing in the street to distract the attention of either the plaintiff or the defendant. When an accident occurs under the circumstances disclosed it is the result of an unexplained accident or of the negligence of one or both of the parties, and the questions of negligence and contributory negligence were for the jury.

2. The assignment challenging the charge upon the ground that it was an instruction that an auto is a dangerous instrumentality is predicated upon a wrong construction of it. The court did not so charge. It did, in explaining the amount of care requisite to constitute ordinary care, refer to the fact known to all that the use of an automobile on the streets is attended with dangers, and it stated that commensurate care should be used, and it used the words dangerous instrumentality. It did not state that an auto is a dangerous instrumentality within the rule of law applicable to the care and protection of dangerous instrumentalities. See Slater v. Advance Thresher Co. 97 Minn. 305, 314, 107 N. W. 133. There was no question of dangerous instrumentality in the case, as that phrase is understood, nor was such a question presented to the jury.

3. There was no error in calling attention to the duty of warning resting upon the driver of an auto, nor in calling attention to a portion of G. S. 1913, § 2632, upon the duty of the driver of an auto upon approaching a pedestrian or an intersecting highway to give warning. It is true enough that no warning was necessary to inform the plaintiff that an auto was approaching on West avenue, for he saw it, but the giving of a warning after it turned in his direction and when it was crossing the

square might have avoided the accident. The failure to give a warning was a circumstance of some importance, and the court in charging upon it said nothing prejudicial to the defendant.

4. There was no error in refusing to give specific instructions requested upon contributory negligence, nor was there error in refusing to give a specific charge requested upon the relative rights of the plaintiff and the defendant in the street. The general charge covered both matters.

5. The court charged that the defendant claimed that the plaintiff walked in front of his automobile and was injured. This was inaccurate. The defendant claimed that he walked into the automobile. This is not a circumstance of consequence. The jury understood the situation. The left fender hit the plaintiff. There was no prejudice resulting to the defendant from the statement.

6. The verdict was for $6,000, and it is urged that it is excessive.

The plaintiff was a Lutheran minister with a charge at Red Wing. Before assuming his pastorate he was for many years engaged in denominational educational work. He was 57 years old at the time of the injury. There was a comminuted fracture of the right leg a few inches above the ankle and there were other minor injuries. His suffering was very considerable. The leg is one and a half inches shorter than the other. There is evidence that a fallen arch has resulted from the injury. He used crutches in July, 1918, and soon after commenced using two canes. He was attended by the defendant, who was a leading surgeon of the city, and in charge of the city hospital. The treatment was skilful, there was no considerable infection, and the result was good, but the injury was in its nature a severe one and is permanent in its consequences. The verdict is not excessive as the result of passion or prejudice.

Order affirmed.