# FRED JOHNSON v. CHARLES SCHULER AND OTHERS.[1]

May 12, 1922.

No. 22,603.

**Driver of automobile negligent — pedestrian not negligent.**

1. The evidence sustains a finding of the jury that the driver of an auto by which the plaintiff was injured was negligent and that the plaintiff was not negligent.

**Not necessarily negligence to cross street elsewhere than at regular intersection.**

2. In an action for personal injuries sustained by being struck by an automobile, *held* that it was not necessarily negligent for plaintiff to go across a city street at a place other than a regular intersection.

**Owner of car responsible for negligent driving of his son.**

3. The evidence sustains a finding of the jury that the father of the driver of the car kept it so much for family use and so much sanctioned its use for the pleasure of his son that he was responsible for his negligence in its operation.

Action in the district court for Hennepin county to recover $6,500 for personal injuries. The separate answers alleged contributory negligence on the part of plaintiff. The case was tried before Waite, J., who when plaintiff rested denied the motion of Charles Schuler for a directed verdict and at the close of the testimony denied motions of both defendants for directed verdicts, and a jury which returned a verdict against each of the defendants for $4,000. From an order denying their separate motions for a new trial, defendants appealed. Affirmed.

*John F. Bernhagen*, for appellants.
*Stevens & Stevens*, for respondent.

DIBELL, J.

Action to recover for personal injuries sustained by the plaintiff, who was struck by an automobile owned by the defendant Charles

[1]Reported in 188 N. W. 271.

Schuler and driven by the defendant Roderick Schuler, his son. There was a verdict against both defendants. Each separately moved for a new trial, which was denied, and each appeals.

1.   The plaintiff lived on Ilion avenue in Minneapolis, which runs northerly and southerly and crosses Lake Crystal avenue, which runs easterly and westerly. About 7 o'clock on the morning of September 24, 1919, he came down Ilion avenue from the north to take the easterly bound car for Minneapolis. The car was approaching from the west. Its stopping place was easterly of the first avenue west parallel with Ilion. He started diagonally across the street and westerly to reach the stopping place, and was struck by the auto coming from the east. He saw it some little distance before it reached him. There was evidence that it was going at a negligent speed.

2.   It was not necessarily negligent for the plaintiff to go across the street at a place other than a regular intersection. Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824. He was required to exercise ordinary care in his movements. So was the driver of the auto. Neither had an absolute right of way. The plaintiff would not likely have been injured unless he or Roderick, one or both, were at fault. The negligence of each was a question of fact; and the jury, under proper instructions, decided both questions favorably to the plaintiff. Its finding is final.

3.   The more difficult question is whether the defendant Charles Schuler was properly found responsible for the negligence of his son Roderick; and this involves the question whether the so-called family auto doctrine which obtains in this state is applicable.

Charles Schuler operated a hardware and machinery store and sold autos at Robbinsdale. The business was owned by Schuler and a partner until about two weeks before the accident, when he became its sole owner. Roderick worked in the store and about the business doing whatever he might. The car which he was driving at the time of the injury was a Dort roadster. Schuler owned a Mitchell car which was the family car. The Dort had been used as a show car in 1918, and in 1919 was used as a demonstration car

and generally in the business for whatever purpose it was suited. There is evidence that Schuler told his son that the Dort car was to be used only in the business and not as a pleasure car. One reason seems to have been that it was owned by the partnership and that it was unfair to the other partner, who had a pleasure car of his own, to use the Dort in anything but partnership business. This partnership terminated on September 11, and from then on the Dort car was the property of Schuler. The particular reason stated was not effective after that time. There is evidence that Roderick, before and after the accident, used the Dort car for riding about with his friends for purposes of pleasure as well as in the conduct of the business. There is evidence that Schuler's daughter drove the car in connection with the business, and to some extent for purposes aside from business. Roderick had access to the garage and was able to take the machine when he wanted it. On the day of the injury he started out early in the morning, say about 6 o'clock, to go on a pleasure trip with a young man friend. Both father and son say it was without the father's permission. The case on its facts is a close one; but within Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; Jensen v. Fischer, 134 Minn. 336, 159 N. W. 827; and Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 871, and the cases there cited, it was for the jury and not the court to say whether the Dort car was kept so much for a family use and its use for the pleasure of Roderick so much sanctioned that the father was responsible for his son's negligence.

Order affirmed.