# H. G. QUINN v. PAUL HEIDMAN.[1]

November 16, 1923.

No. 23,526.

**When motor driver should sound horn for pedestrian.**
    1.  Although a pedestrian crossing a street may have looked and seen an automobile approaching, it is nevertheless the duty of the driver to sound the horn, if the actions of the pedestrian indicate that he is unaware of the nearness of the automobile and is in danger of getting in its way.

**Contributory negligence not proved.**
    2.  The evidence failed to show conclusively that a pedestrian, struck by an automobile on a street crossing, was so heedless of his surroundings as to be chargeable with contributory negligence as a matter of law.

Action in the district court for St. Louis county to recover $10,-000 for injuries inflicted by defendant's automobile. The case was tried before Dancer, J., who denied plaintiff's motions for a directed verdict, and a jury which returned a verdict for $3,025. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Burdick, Campbell & Bush,* for appellant.
*George W. Atmore, Jr.,* for respondent.

LEES, C.

At about 7:30 a. m. on July 30, 1922, plaintiff was struck and seriously injured by a Ford truck driven by defendant. Charging defendant with negligence in the operation of the truck, he brought this action and recovered a verdict, and defendant has appealed from an order denying his motion in the alternative for judgment or a new trial.

At the time of the accident respondent was a night telegraph operator employed in the office of the News Tribune in the city of

[1]Reported in 195 N. W. 774.

Duluth. He worked until about 1 a. m. on July 30, then played cards until about 7 a. m. when he left the office to go home. He was walking in a westerly direction on the north side of Third street, which extends from the eastern to the western portion of Duluth and is intersected at right angles by Fourth avenue East. When he reached the intersection and was 3 or 4 steps from the curb, he looked to the right up Fourth avenue and saw the truck approaching from the north. It was about 140 feet away, appeared to be moving at a speed of 12 or 15 miles an hour, and respondent believed he had ample time to cross Fourth avenue ahead of it. He was within 9 or 10 feet of the curb on the west side of the avenue when he was struck by the left front fender of the truck. He was knocked down, and the wheels passed over him, rolling his body forward 30 feet or more. The truck was not stopped until it had run around the corner and more than 50 feet west on Third street. Appellant bought the truck about $2\frac{1}{2}$ months before the accident. He had no previous experience as a driver. The grade of Fourth avenue descends from the north to the south and appellant had shifted to low gear, using the motor as an aid to the brakes. He testified that he first saw respondent when about 25 feet from him, sounded the horn, and thought respondent "had all time to cross, to get on the sidewalk," and that he "did not see him at all" when he struck him. He also testified that it was his intention to round the corner and go west on Third street on his way to church. Respondent testified as follows:

"I * * * figured that I had plenty of time to get across. * * * The first thing I know was, a horn sounded, and bang! That is * * * all I remember."

A witness testified that when he was run down respondent was walking slowly, with his head down and his hands in his pockets, and that appellant put on speed as he turned the corner and just before he struck respondent.

The court instructed the jury that G. S. 1913, § 2632, subd. 2, made it the duty of the appellant to give a timely signal and slow down as he approached respondent, and that, if he failed to do so, he was

guilty of negligence, and the giving of this instruction is assigned as error.

Respondent admitted on cross-examination that after he first saw the truck he did not look again to see where it was or how fast it was coming. Appellant contends that this was an admission of negligence which contributed to cause the accident and for that reason his motion for a directed verdict should have been granted.

1. It is the duty of the driver of a motor vehicle to sound the horn in order that a pedestrian, unaware of the approach of the car, may have timely warning. If a pedestrian, crossing a street, sees and is aware of the on-coming car, no useful purpose would be served by sounding the horn, but it is a matter of common knowledge that pedestrians do cross streets oblivious for the moment of the nearness of a car and of the speed at which it is coming. Whenever a driver has cause to believe that a pedestrian is in danger of getting in the way, he should give a warning signal. He no longer has a right to proceed on the assumption that the pedestrian is conscious of the approach of the car merely because he looked and saw it when he started to cross the street. The driver's duty depends on the circumstances of the particular case. He is not required to sound the horn at every crosswalk upon which there may be a pedestrian. That would only create unnecessary noise and confusion. The statute is intended for the protection of pedestrians whose actions indicate forgetfulness of the approach of the car. The application of the statute should not be limited to pedestrians who fail to look and see the car, thus withdrawing from its protection those who looked but misjudged its speed or its distance from the crosswalk. See Allen v. Johnson, 144 Minn. 333, 175 N. W. 545.

In any event, it is doubtful whether appellant is in a poistion to assign as error the giving of the instruction in question. At the close of the charge, he excepted to it, whereupon the court said:

"If you find that the defendant, in coming down the avenue, did not give a timely signal * * * then the next question is, in view of the testimony that the plaintiff knew that the defendant was coming down the avenue, whether the failure to give such a signal

was the cause of the accident. If it was not, then it is not a very vital factor in the case. That comes under the general rule I gave you, that mere negligence does not give a right of action unless that negligence is the cause of an injury."

No exception was taken to this statement, either when it was made or in the motion for a new trial. Apparently appellant was satisfied with the instruction in its modified form and, therefore, he cannot now attack it. Torkelson v. Minneapolis & St. L. R. Co. 117 Minn. 73, 134 N. W. 307.

2. It has been repeatedly held that the rights of drivers of motor vehicles and of pedestrians in making use of the streets are equal and reciprocal; that each must exercise due care; that no pedestrian has a right to pass over a public thoroughfare unmindful of his surroundings and without regard to approaching vehicles; that it is equally the duty of drivers to pay attention to pedestrians when approaching them; and that neither is called upon to anticipate negligence on the part of the other. 1 Dunnell, Minn. Dig. § 4166. Appellant does not contend that it was respondent's duty to continue to watch the truck after he first saw it. His contention is that, forgetful of his surroundings, respondent took one step too many and got in the way of the truck owing to his negligence in failing to take a second look. We think the test applied in Stallman v. Shea, 99 Minn. 422, 109 N. W. 824, should be applied here to determine whether respondent was guilty of contributory negligence. Some persons will not cross a street without keeping a continual lookout for vehicles. Others look about, and, if they judge it is safe to cross, act on their judgment without looking again. Those in the first class may be excessively cautious, and those in the second class only moderately so. The circumstances may be such that a person of ordinary prudence would be justified in acting on what he saw when he looked the first time, and should not be held negligent as a matter of law because he did not look again. Everything depends upon the facts of the particular case, and necessarily much must be left to the judgment of the jury. Respondent was not utterly heedless of his surroundings. He looked, saw the truck, and concluded that it was so far from the crosswalk and was com-

ing at such a rate of speed that he could safely cross the street before it reached the crosswalk. He testified that at the same time he saw an automobile parked on Third street and a man sitting in it, and another man going up the steps of the church on the corner. It cannot be said that he was wholly inattentive to the surroundings or that his mind was in such a state that it received no impression from what he saw. We conclude that the issue as to his negligence was for the jury. Stallman v. Shea, supra; Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668; Hillstrom v. Mannheimer Bros. 146 Minn. 202, 178 N. W. 881.

Order affirmed.