# JOHN LUSTIK v. G. F. WALTERS.[1]

December 10, 1926.

No. 25,677.

**Person intending to board bus, standing at edge of paved highway, not guilty of contributory negligence as matter of law.**

1. A person intending to board a bus, who stands at or near the edge of a broad paved highway, where he is run down by an automobile driven at a high rate of speed, is not guilty of contributory negligence as a matter of law because he failed to get out of the way of the automobile.

**No prejudice from evidence brought out on cross-examination.**

2. Over objection, the cross-examination of the defendant elicited the fact that he did not go to the aid of the plaintiff after he struck him. Assuming that the cross-examination should not have been permitted, there was no prejudice because the testimony of the men who picked the plaintiff up after he was injured disclosed the fact that he had been left where he was struck down.

**No error in court reading to jury part of motor vehicle act.**

3. The court did not err in reading to the jury that portion of G. S. 1923, § 2709, which provides that when a motor vehicle is driven at a speed in excess of 25 miles an hour for a distance of one-quarter of a mile, that fact shall be prima facie evidence that the rate of speed is greater than is reasonable and proper.

Appeal and Error, 4 C. J. p. 968 n. 38; p. 975 n. 88.
Motor Vehicles, 28 Cyc. p. 49 n. 47, 49.
Trial, 38 Cyc. p. 1598 n. 20.

Defendant appealed from an order of the district court for St. Louis county, Freeman, J., denying his alternative motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for appellant.

*George H. Lommen,* for respondent.

[1]Reported in 211 N. W. 311.

LEES, C.

In an action to recover damages for personal injuries sustained when plaintiff was struck by an automobile driven by defendant on the highway between Gilbert and Aurora in St. Louis county, the jury returned a verdict in plaintiff's favor. Defendant has appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The assignments of error raise three questions for discussion: (1) Was plaintiff chargeable with contributory negligence as a matter of law? (2) Did the court err in admitting testimony relative to the actions of the defendant after the accident? (3) Did the court err in instructing the jury concerning the statute (G. S. 1923, § 2709), which makes a speed in excess of 25 miles an hour for a distance of one-quarter of a mile prima facie evidence that the rate of speed is greater than is reasonable and proper?

1. The plaintiff testified that he lived at Aurora and worked in the Corsica mine at what is known as the Elba location. On Sunday evening, September 30, 1923, at about 8:30 o'clock, he left his boarding house at the location to take a bus to Aurora. The highway where he was injured is paved, the pavement being 18 feet in width. The earth shoulder on the north side of the road had not been constructed; the shoulder on the south side was under construction and piles of earth or gravel had been deposited along the edge of the pavement. According to his testimony, plaintiff stood about two feet north of the south edge of the pavement and about 200 feet east of the junction of the Elba road with the paved highway. The presence of the piles of earth near the edge of the pavement led plaintiff to stand where he did. He had taken the bus for Aurora at the same place on previous occasions. After he had waited about ten minutes he saw the lights of a motor vehicle approaching from the west. Thinking it was the bus he swung his arms to attract the driver's attention so he would stop. The evening was chilly and plaintiff was lightly clad. While he waited he walked about to keep warm, but stayed always near the south edge of the pavement. The car which he mistook for the bus did not

stop but ran into him and injured him seriously. It appeared to be traveling rapidly. The road was straight and the car was descending an incline towards the east. Asked why he did not move out of the way, plaintiff answered: "I thought he wasn't going to bump me. * * * I didn't have a chance to move. The car goes too quick and bump me and then I fell." He also testified that when he first saw the car, it was about 200 feet away and that he continued to look at it until it struck him.

Shortly after the accident plaintiff was picked up by the driver of a truck and taken to McKinley. He was found lying near the southerly edge of the pavement.

The defendant testified that he lived and practiced medicine at Aurora; that on the day in question, accompanied by his wife, their two children and two young ladies, he had driven to Hibbing; that the return trip was begun between 7 and 8 o'clock in the evening; that a stop was made at Virginia; that he was familiar with the road, which was paved all the way from Virginia to Aurora; that he knew that bus service was being maintained from Gilbert to Aurora and that the bus would stop at any point along the road to take on or discharge passengers; that he saw a man ahead of him, standing close to the center of the road waving his arms, jumping around and staggering as though he were under the influence of liquor; that apparently he had a gun in his hand; that he concluded not to stop, fearing a holdup; that the man was in full view for at least 200 feet before the car struck him; that before striking him he swung his car to the north and slowed down, whereupon the man "seemed to jump right into the front of the car;" that he stopped but did not go back to see how badly the man was hurt, fearing that he might have confederates, but drove on to McKinley and reported the accident.

Considering the evidence in a light reasonably favorable to plaintiff, we conclude that the issue as to plaintiff's negligence was properly submitted to the jury and warranted its determination in plaintiff's favor.

Plaintiff had a right to stand where he says he stood while waiting for a bus. His rights upon the highway were equal to those of the defendant. It was the duty of each of the men to act with due regard for the rights of the other. Yorek v. Potter, 166 Minn. 131, 207 N. W. 188; Pollock v. McCormick, supra, page 55, and cases cited, and plaintiff was not required to anticipate negligence on the part of the defendant. Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568. That defendant was negligent, if plaintiff's story is true, cannot be gainsaid.

Defendant relies on a line of railway cases, of which Gallagher v. N. P. Ry. Co. 94 Minn. 64, 101 N. W. 942, is typical. We think cases of that type are not in point for the reason that the rights of one who stands on a public highway waiting for a public conveyance he intends to board are entirely different from those of one who stands on or near a railroad track and sees a locomotive or car approaching and is run down because he did not step off or away from the track.

It is a matter of common knowledge that persons wishing to board a bus usually signal the driver to stop. It will not do to hold as a matter of law that it is a negligent act to stand at the outer edge of a street or road to give the signal preparatory to boarding the approaching vehicle. Much depends on the circumstances of the particular case, but as a general rule the jury should be allowed to determine whether one struck while standing or walking on a public highway by a rapidly moving vehicle was in the exercise of reasonable care for his own safety. Here the plaintiff seems to have had reason to suppose that the bus was drawing near and to have acted in that belief and, if his story is true and the jury might find that it was, he was not guilty of contributory negligence.

2. Of course the defendant was not obliged to stop in response to plaintiff's signals. It was dark, the place was lonely, and defendant undoubtedly feared that he might be attacked and robbed if he stopped. The fact that he did not go back and pick up the injured man tended to corroborate his testimony that this is what he feared, and to that extent the circumstance was favorable to him. But, this

aside, the testimony of the men who picked up the plaintiff disclosed the fact that defendant had failed to go to his aid. Knowing this, the jury knew all that plaintiff's cross-examination brought out and there was no prejudice to defendant.

3. There was evidence tending to show that defendant drove his car at a speed of not less than 30 miles an hour between Virginia and the place of the accident. We take judicial notice of the fact that the distance between the two points is much more than one-quarter of a mile. Defendant himself admitted that he was "going between 25 and 30 miles an hour" when he struck the plaintiff. Under these circumstances it is clear that the court was justified in giving the instruction complained of. It is proper to note that since this accident happened, § 2709, G. S. 1923, has been repealed by L. 1925, p. 666, c. 416, and that higher rates of speed are permitted by § 10 of the later statute.

Order affirmed.