## CONSTANCE RIMMER v. LEONARD COHEN.[1]

July 8, 1927.

No. 26,147.

**Verdict for $10,000 not excessive for injuries suffered by plaintiff.**

Plaintiff was struck by defendant's automobile while she was walking across a street intersection. *Held*:

(1) The evidence as to defendant's negligence was for the jury.

(2) The evidence as to plaintiff's contributory negligence was for the jury.

(3) It is the duty of a trial court to make a brief, clear and concise statement of the issues.

Indefiniteness, insufficiency, obscurity, or the omission of material instructions in a charge to the jury are not grounds for a new trial when the attention of the court was not at the time specifically called to the defect.

The court in the charge should seldom go outside the record for illustrations.

(4) The record does not support the assignment of misconduct of counsel.

(5) Plaintiff, a 19-year old dancing teacher, was knocked down on the paving, injured on the head, bruised on the arms and body, and her knee cap was broken by the wheel passing over her leg. She also suffered a pelvic injury resulting in a tumor and such condition as to make it improbable that she could bear children. A verdict of $10,000 is not excessive.

Appeal and Error, 3 C. J. p. 843 n. 67; p. 847 n. 91, 93; 4 C. J. p. 530 n. 67.

Damages, 17 C. J. p. 1091 n. 85; p. 1118 n. 22.

Motor Vehicles, 28 Cyc. p. 47 n. 20; p. 49 n. 46, 47.

Trial, 38 Cyc. p. 1612 n. 14; p. 1691 n. 51.

See 13 R. C. L. 296; 4 R. C. L. Supp. 807; 5 R. C. L. Supp. 693.

See note in L. R. A. 1915F, 30; 3 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

[1]Reported in 215 N. W. 198.

Action in the district court for Hennepin county to recover for personal injuries. There was a verdict for the plaintiff, and defendant appealed from an order, Salmon, J., denying his alternative motion for judgment or a new trial. Affirmed.

*Snyder, Gale & Richards* and *Sam J. Levy,* for appellant.

*Kenny & Gardner,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.

Harmon Place is a 60-foot, creosote-block paved street in Minneapolis. Twelfth street runs east and west and intersects Harmon Place at right angles. On March 13, 1926, at about 6:00 o'clock p. m. plaintiff walked easterly along the south side of Twelfth street. At the intersection with Harmon Place she stopped on the curb and looked to the left and right; she did not see any approaching automobiles. She proceeded to cross Harmon Place and says that she continued to look both to the right and left. She saw cars only a very long distance and could not tell which way they were going.

When plaintiff was almost half way across Harmon Place she was struck by defendant's car coming from the north. This action is to recover for resulting injuries.

1. Plaintiff did not see the car until she was struck. Defendant says he approached the intersection at 18 miles per hour; slowed down slightly; and when he got into the intersection speeded up again. He traveled half way between the center line and the curb on the west side of the street. When he got to the southerly side of Twelfth street he saw plaintiff possibly three or four feet away approaching his car from the west. He says he swung his car to the left to avoid her and looked back and saw plaintiff lying on the pavement about the center of the street. He came to a stop about 175 feet south of the place of the accident. Defendant would have seen plaintiff sooner had he looked. Her presence was obvious. It was daylight. There is evidence, which defendant disputes, that

he gave no warning of his approach. His failure to avoid a collision under the circumstances, the speed, absence of warning, character of the collision, distance traveled before coming to a stop, and a permissible inference that the car was not under control support the conclusion of the jury that defendant was negligent.

2. Plaintiff claims to have done those things which an ordinary person usually does for his own protection in crossing a street. Under the circumstances the jury may well have concluded that her advancement after her last look to the left was made under a reasonable apprehension that one approaching from her left would yield her the right of way and pass behind her. She was not required to look to the left continuously. Yorek v. Potter, 166 Minn. 131, 207 N. W. 188. She also had a right to assume that anyone approaching from the left would exercise care and caution in respect to speed at an intersection. She had a right to assume that drivers would obey the law. Prior to the passage of L. 1927, p. 563, c. 412, § 18(c), which gives the pedestrian the right of way on cross-walks and the automobile the right of way at all other places in the street, the relative rights of pedestrians and motor drivers in public streets were equal. Whether plaintiff's failure to observe defendant's car in the street is attributable to his distance from her when she last looked and his subsequent rapid approach is for the jury. If she looked so indifferently that she did not grasp the danger incident to his speed, or if she misjudged the distance of the cars, which were so far away that she did not notice which way they were going, we cannot say, as a matter of law, that she was guilty of contributory negligence. It cannot be said that plaintiff was unmindful of her surroundings. She seemingly tried to watch for her own safety. She looked both ways before stepping into the street. She looked both ways after being in the street. She apparently judged that she had ample time to cross. There are several versions that the jury might adopt which would exonerate plaintiff from the charge of negligence. We are of the opinion that the evidence as to contributory negligence made a case for the jury. Lundberg v. Zimmer, 159 Minn. 179, 198 N. W. 407; Quinn v. Heidman, 157 Minn. 129, 195 N. W. 774; Meyers v. Swanson, 163

Minn. 508, 203 N. W. 624; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Pach v. Chippewa Springs Corp. 161 Minn. 125, 201 N. W. 293; Pollock v. McCormick, 169 Minn. 55, 210 N. W. 630. The accident in Chinander v. DeLaittre, 171 Minn. 11, 213 N. W. 44, was not at a street intersection.

3. The appellant's claim that the court's charge to the jury was inadequate is not without foundation. Indeed the charge was crude. The court gave a blanket charge of negligence. It defined negligence in general terms intending it to be applicable to both parties. It stated where the burden of proof lay but with no explanation as to "preponderance of the evidence." It was said that the negligence must be the proximate cause, which was not explained. It is the duty of a trial court to make a brief, clear, and concise statement of the issues. This does not call for a detailed statement of the claim of each party relative to each issue. In this case the claim of negligence rested upon the allegations in the complaint: (1) That defendant failed to have his car under control; (2) that he failed to watch for pedestrians on the crossing; (3) that he failed to give warning of his approach; and (4) that he was driving too fast. Thus the claim of negligence was defined and limited by the complaint. Had the complaint rested on a general allegation of negligence the charge would be subject to less criticism. It was fairly accurate as far as it went.

Defendant's counsel did not ask for any instructions. He did not take any exceptions to the charge nor ask that the court cover any of the omissions. This was his privilege and duty. Indefiniteness, insufficiency, obscurity, or the omission of material instructions in a charge to the jury are not grounds for a new trial when the attention of the court was not at the time specifically called to the defect. Applebee v. Perry, 87 Minn. 242, 91 N. W. 893; Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Bailey v. Grand Forks Lbr. Co. 107 Minn. 192, 119 N. W. 786; Buck v. Buck, 126 Minn. 275, 148 N. W. 117; Peterson v. G. N. Ry. Co. 159 Minn. 308, 199 N. W. 3; Old Colony Life Ins. Co. v. Am. Sav. & Tr. Co. 165 Minn.

417, 206 N. W. 725; Manley v. Connolly, 155 Minn. 343, 193 N. W. 590; Old Colony Life Ins. Co. v. Moeglein, 165 Minn. 117, 205 N. W. 885; Ceylon Farmers Elev. Co. v. Fidelity & Deposit Co. 163 Minn. 280, 203 N. W. 985; Reed v. W. B. Northrup Co. 165 Minn. 210, 206 N. W. 400; Dun. Dig. § 7179 and § 9797.

L. 1901, p. 121, c. 113, has been construed as relating to controlling propositions of law. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489.

In the charge the court said: "The poorest citizen walking on the street has just as much right there as the richest man in town riding in his Rolls-Royce, just the same right." This was an unfortunate statement—literally true, but out of place. The trial court in the charge should seldom go outside the record for illustrations. This comparison was invidious and nonjudicial. We cannot, however, from the record say that prejudice resulted.

4. The assignment of misconduct of counsel in his argument to the jury is without support because the record does not disclose what he said. A proper record was not made. State v. Peterson, 167 Minn. 216, 208 N. W. 761; Katzenmeyer v. Kuske, 168 Minn. 93, 209 N. W. 867; State v. Cotter, 167 Minn. 263, 209 N. W. 4.

5. Was the verdict excessive? Plaintiff is 19 years old. She was a dancing teacher and cafe cashier earning about $27 per week. The automobile knocked her down. She had a lump on the back of her head as large as a walnut. She was bruised about the elbows and body. The automobile ran over her leg. The knee cap was broken. The leg was in a cast for several weeks. She was in a hospital for the usual period. Later she used crutches, then a cane. Now the motion of her knee is limited to about 50 per cent. It may improve so the limitation will not be more and perhaps less than 25 per cent. She still has pains in her knee. She suffered headaches. She suffered great pain in the lumbar region. She was nauseated for three weeks. She became tender through the abdomen and nauseated and had to vomit whenever she swallowed anything, even water. She had some fever. She was injured in

or about the pelvis.   One doctor said she had a definite tumor, but tenderness was so marked that an accurate diagnosis of the tumor was impossible.   Medical testimony indicates a definite disturbance of the pelvic organs.   Since a few days after the accident she has experienced a continual flow much as if her menstrual period were continual.   There is medical testimony to the effect that in her present condition she probably could not bear children.   She has shrunk in weight from 140 to 127 pounds.   The evidence connects all these things with the injury.   Under such circumstances the result does not indicate passion or prejudice, nor is there anything to indicate that the trial court abused its discretion in approving the verdict.   Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413; Letnes v. Davis, 171 Minn. 399, 214 N. W. 761, and cases cited.

Affirmed.