## ROBERT KINNONEN v. CLARENCE ADOLPHSON AND ANOTHER.[1]

December 9, 1927.

No. 26,399.

**Question for jury whether truck was negligently driven.**

[1] As plaintiff left the curb of a 50-foot street to cross it upon the sidewalk line of an intersecting street he saw respondents' motor truck coming towards the intersection and about 500 feet away. The left front of the truck struck him down when within four or five feet of the curb on the other side of the street. Whether the truck was negligently driven against plaintiff was a question for the jury.

**Contributory negligence.**

[2] Plaintiff's contributory negligence did not appear as a matter of law.

Motor Vehicles, 42 C. J. p. 919 n. 11; p. 1031 n. 6; p. 1032 n. 8; p. 1035 n. 37; p. 1148 n. 50, 53; p. 1149 n. 69; p. 1250 n. 11; p. 1268 n. 17.

Municipal Corporations, 28 Cyc. p. 913 n. 11, 17, 20.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J. denying his motion for a new trial. Reversed.

*Kelly, Berglund & Johnson,* for appellant.

*Cobb, Wheelwright, Hoke & Benson* and *R. A. Scallen,* for respondents.

HOLT, J.

When plaintiff rested, defendants' motion for a directed verdict was granted. From the order denying a new trial plaintiff appeals.

[1] The action is to recover for personal injuries alleged to have been received about 11 o'clock at night by the negligent operation of an automobile truck in charge of defendant Adolphson, the servant of the other defendant, the owner, whereby plaintiff was struck down as he was crossing Seventh street at Hoag avenue in Minneapolis.

[1]Reported in 216 N. W. 605.

Hoag avenue runs north and south where intersected by Seventh street which runs northwesterly and southeasterly. The former is 40 feet between curbs, and the latter 50 feet. There are double street car tracks on Seventh street. Plaintiff with a companion had been walking for some distance going northwesterly on the southwesterly side of Seventh street and, reaching Hoag avenue, turned north to cross Seventh street. Before he stepped from the curb he looked up and down Seventh street and saw no moving object, except to his right where two motor vehicles were approaching. He thinks the nearest was from 300 to 500 feet away, and he estimated the speed at 35 miles per hour. He started to cross, his companion coming on behind. When within four or five feet of the curb on the other side of Seventh street, he was struck in his right side by the left fender of the automobile truck and severely injured.

Excessive speed and negligent driving were charged in the complaint. The testimony of plaintiff that at the moment of impact he judged the speed of the car to be 35 miles per hour, that the crossing was well lighted so that plaintiff plainly could be observed walking by the driver, that no effort was made either to slow down the truck or pass behind him, and that the front of the truck was driven against him, would seem to make defendants' negligence a jury issue. The statute required (L. 1925, p. 666, c. 416, § 18) the driver of the truck "upon approaching a pedestrian or cyclist who is upon the traveled part of any highway and not upon a sidewalk" to slow down and give timely signal. The evidence of plaintiff indicated a violation of this provision, so far as the matter of slowing down was concerned. Plaintiff was not permitted to show want of signals, the learned trial court erroneously considering that no signal was required since plaintiff knew that the car was approaching.

[2] We are also of opinion that the issue of contributory negligence was for the jury. If pedestrians may not venture to cross a street at a regular street intersection in the city of Minneapolis when a motor vehicle, moving towards such intersection, is from 300 to 500 feet away, without assuming, as a matter of law, the risk of

being hit, there will be very few opportunities for pedestrians to ever cross its streets. Pedestrians have the right to cross streets at regular street crossings not inferior to the right of motor vehicles upon such crossings. In the use of such crossings each one is to exercise toward the other reasonable care and so as not to impede unnecessarily the use thereof by the other. Each has a right to act on the assumption that the other, in using the crossing, will exercise due care towards him and will observe the precautions prescribed by law, until he discovers to the contrary. A pedestrian crossing streets having street car tracks, even though the street be paved, must give some attention to his steps. In this instance, because of the angle of the streets, plaintiff had to look back over his right shoulder to note the progress of the truck. Within the decision of Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198, and the cases therein cited, we think the issue of plaintiff's contributory negligence upon this record was for the jury. To the same conclusion lead also Allen v. Johnson, 144 Minn. 333, 175 N. W. 545; Johnson v. Schuler, 152 Minn. 137, 188 N. W. 271; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568. The conduct and position of the plaintiff in Chinander v. DeLaittre, 171 Minn. 11, 213 N. W. 44, was not that of plaintiff herein. Chinander undertook to cross the street from his truck parked in the middle of a block. One thus suddenly emerging from the side of a vehicle to cross a busy street between blocks is not in the same position as to approaching vehicles speeded up after having properly slowed down for the crossing as was this plaintiff making use of a proper crossing where drivers may expect persons on foot to be.

The order is reversed.