## JOHN W. SCHMITT v. CLIFFORD W. JACKSON.[1]

June 15, 1928.

No. 26,764.

**Negligence of automobile driver and contributory negligence of pedestrian questions for jury.**

In the collision of an automobile and a pedestrian upon a highway it is *held*:

(1) The negligence of the driver as regards speed and failure to give timely warning of his approach was for the jury.

(2) Plaintiff's contributory negligence does not appear as a matter of law.

Motor Vehicles, 42 C. J. p. 1244 n. 17; p. 1246 n. 34; p. 1267 n. 11.

Action in the district court for Ramsey county to recover damages for personal injuries. There was a verdict of $500 for plaintiff, and defendant appealed from an order, Bechhoefer, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Snyder, Gale & Richards,* for appellant.

*George F. Sullivan* and *Linus J. Hammond,* for respondent.

HOLT, J.

The appeal is from an order denying defendant's motion in the alternative for judgment non obstante or a new trial.

[1]Reported in 219 N. W. 912.

Plaintiff, on August 31, 1926, had been cutting grass and brush on trunk highway No. 5 within a mile south of Bloomington bridge, when his son-in-law, Mr. Vierling, about six o'clock p. m. picked him up in his open automobile and started towards Shakopee. After driving a few rods the car was stopped on the westerly side of the road and plaintiff stepped off to get his tools which were on the east side. He took two or three steps when he came in contact with defendant's car going in a northeasterly direction. His shoulder was injured. This action was brought to recover damages. Plaintiff was awarded $500. The size of the verdict is not found fault with. But defendant insists that he and not plaintiff was entitled thereto, and this for two reasons, viz. the evidence fails to establish any negligence in the operation of the automobile, and plaintiff's contributory negligence appears as a matter of law. In our opinion both issues were for the jury.

The road in question is somewhat winding at the place of the accident. The testimony is in conflict as to how far from where Vierling's car stopped another coming from Shakopee could be seen. Defendant places it at 300 feet; one of plaintiff's witnesses thinks only 100 feet. Defendant says he was driving about 25 miles an hour, noticed the parked car, saw plaintiff step down, but did not slow down or sound the horn until within 20 or 30 feet from him. Vierling and Gideon Pond, who were in the car, testified that defendant was going at the rate of 40 miles an hour and gave no warning. It was for a jury to say whether or not ordinary care requires an automobile driver, who sees another car stopped on the roadside with people in or about the vehicle, to slow down to such speed that in passing there would be no danger of a collision should anyone step out in the roadway from the parked car, and also whether or not one about to pass such a parked car should not give timely warning of his approach.

Chinander v. De Laittre, 171 Minn. 11, 213 N. W. 44, and the comments made upon the facts therein in Kinnonen v. Adolphson, 173 Minn. 138, 216 N. W. 605, give defendant occasion for claiming that plaintiff's contributory negligence appeared as a matter of law. However we think this also was a jury question. Pedestrians are

privileged to walk along or across trunk highways and may rightfully expect that speeding automobilists give them some consideration.   Plaintiff testified that he looked both ways before he stepped off the car.   Both his companions state that, although facing the direction from which defendant came, the latter was within a few feet of their car before they noticed him.   Defendant's failure to give warning may have some bearing upon the conduct of plaintiff. It was for the jury to pass on the fact whether plaintiff looked before he began to cross the roadway and whether defendant's car was then within sight.   They were not bound to accept defendant's version that plaintiff walked into the side of his car.   Vierling testified that plaintiff was hurled some distance.   Just before the collision defendant applied the brakes and turned to the right.   The car was stopped by a telephone pole, bending the front axle so that it could not move on its own power.   It must have traveled swiftly to have thus got beyond control.   There is considerable in the circumstances of this collision from which the jury might have found contributory negligence, but they did not; and we cannot disturb the verdict, approved as it is by the trial court.

The order is affirmed.