## DORA PLANTE v. ARNOLD G. PULASKI.[1]

June 3, 1932.

No. 28,919.

*Baldwin, Baldwin, Holmes & Mayall,* for appellant.
*Galen E. Bush* and *Nelson W. Mongrain,* for respondent.

HOLT, J.

Defendant appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

[1]Reported in 243 N. W. 64.

The action is for personal injuries sustained when plaintiff, while on a cross-walk in the city of Duluth, was struck by an automobile driven by defendant at about 9:30 p. m. May 29, 1931. Plaintiff's arm was so fractured that it has become wholly useless. The attorneys for defendant frankly concede that the evidence made defendant's negligence a jury issue. They challenge no ruling in the trial save the one refusing to direct a verdict for defendant. They do not question the amount of the verdict. They predicate the appeal entirely on the proposition that plaintiff's contributory negligence appears as a matter of law, hence defendant is entitled to judgment non obstante; and, if that be resolved against him, that he is entitled to a new trial because the verdict is not sufficiently supported and because of the refusal of the court to give a requested instruction.

The evidence bearing upon the conduct of plaintiff may be thus stated. Grand avenue is a street running east and west in West Duluth. It is a part of trunk highway No. 1. It carries a double track street car line and is paved with brick where Thirty-ninth avenue crosses it at right angles. Plaintiff was 64 years old. She and her husband operated a small store fronting north located on the south side of Grand avenue about 75 feet east of Thirty-ninth avenue. At about the time mentioned she left her place of business, walking westerly across Thirty-ninth avenue, then northerly on the cross-walk across Grand avenue to some stores located on and near the northwest corner. Her errand done, she turned back to cross Grand avenue towards the southwest corner. She testified that before she left the north curb she looked east and west and saw no car approaching within a block, then walked briskly across and had taken a step or two beyond the south street car track when struck by defendant's car coming from the west. She admits that she did not again look west after leaving the north curb.

On cross-examination these questions were asked and answered, summing up her testimony:

Q. "You took a good look to the east, and there was not a car for a block; and then you took a good look to the west, and there was not a car for a block, is that right?

A. "Yes, sir.

Q. "Now, did you look to the west again before you were hit?

A. "No.

Q. "The street was so clear for the whole distance of a block you did not think it was possible a car should be there?

A. "No."

She further testified she did not see or hear the car that hit her or know it was there until the blow came. She was rendered unconscious, and there is medical testimony to the effect that often a person who is rendered unconscious fails to recall what transpired just before unconsciousness took place. There is testimony that she did notice the car before she was struck, for one witness testified she stopped and threw up her hands a moment before the blow came.

In considering the contributory negligence of plaintiff, the conduct of defendant must not be lost sight of, for plaintiff could assume, until she in the exercise of ordinary care learned to the contrary, that defendant was not violating the traffic. law. There was testimony from which the jury could find that his speed was over 40 miles per hour. He himself admitted that it was from 20 to 25 miles per hour. For more than a block east and west of Thirty-ninth avenue, Grand avenue is a business and residential district, and on his own testimony he was driving at a prima facie negligent speed. There was evidence that it took plaintiff eight seconds to walk from the curb to the point where struck. If defendant's speed was 40 miles an hour he traveled over 450 feet, or about a block, while plaintiff was crossing to where she was hit. He testified that he did not see plaintiff until within 15 to 24 feet, and would have struck her squarely had he not swerved abruptly about a foot to the right; yet both he and she knew that the arc light at the intersection was lit and the store fronts were lighted on both sides of Grand avenue so that a pedestrian crossing would be clearly visible to the driver of an approaching automobile without the aid of its headlights. It is also to be remembered that an aged person in crossing a street where there are street car tracks needs look so as

not to trip on the grooves along the rails. It cannot be said as a matter of law that a pedestrian crossing a street on the appointed cross-walk is guilty of contributory negligence if for eight seconds there is a failure to look for an unexpected onrushing automobile which, had its driver observed the law and ordinary care, would not even have approached the cross-walk until plaintiff was safe on the sidewalk. We are of the opinion that the evidence made the alleged contributory negligence of plaintiff a jury issue. Of our own cases leading to that conclusion we note Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668; Quinn v. Heidman, 157 Minn. 129, 195 N. W. 774; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198; Kinnonen v. Adolphson, 173 Minn. 138, 216 N. W. 605; Schmitt v. Jackson, 174 Minn. 577, 219 N. W. 912; Heflin v. Swenson, 181 Minn. 277, 232 N. W. 265; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599. To these we may add Engstrom v. De Witt (C. C. A.) 58 F. (2d) 137, a pedestrian being struck on a highway in this state, where the proof of contributory negligence seemed more persuasive than in the instant case.

Defendant relies on Baly v. St. Paul City Ry. Co. 90 Minn. 39, 95 N. W. 757, and Chinander v. DeLaittre, 171 Minn. 11, 213 N. W. 44. In neither case was the pedestrian crossing the street at the cross-walk, but in the middle of the block. In the case first cited the testimony was that Baly was seen standing on the east sidewalk of Wabasha street in St. Paul, midway between Fifth and Sixth streets, in the forenoon of a bright day, and without a glance towards the north, from whence a street car was rapidly approaching, started diagonally across the street in a southwesterly direction at a slow walk, apparently oblivious to his surroundings, and was killed by the street car. It was held as a matter of law that his negligence contributed to his death.

The Chinander case, 171 Minn. 11, 213 N. W. 44, was that of a delivery man rushing across a street in the middle of a block, being hit by a car which was so near when he started across that he could not have avoided seeing it had he but looked before starting.

Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, and DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350, were cases of collisions between automobiles in both of which due care on the part of the plaintiffs required them to yield the right of way to the defendants.

The facts in Filson v. Balkins (Cal. App.) 268 P. 445, are quite different from those in the case at bar. The plaintiff was with a crew doing work partly under one side of the pavement of a highway not within any village or city. This paragraph in the syllabus indicates the dissimilarity:

"Pedestrian who looked before crossing street and saw automobile and then proceeded to cross diagonally without again looking in direction from which danger from passing vehicle might be anticipated *held* contributorily negligent as matter of law in action for injuries resulting when he walked into right front door of automobile which attempted to go around him." This opinion, however, was superseded by Filson v. Balkins, 206 Cal. 209, 273 P. 578, permitting recovery.

In Rolfs v. Mullins, 179 Iowa, 1223, 162 N. W. 783, plaintiff's intestate was not upon a cross-walk when struck. The issue of her contributory negligence was submitted to the jury, and the argument of the court supports the position plaintiff takes on this appeal rather than that of defendant. So also in Crowder v. Williams, 116 Kan. 241, 226 P. 774, the court submitted the issue of plaintiff's contributory negligence to the jury, but the instructions were based upon the fact that the plaintiff was not upon a cross-walk when struck.

In Richardson v. Williams, 249 Mich. 350, 228 N. W. 766, plaintiff's intestate was crossing a pavement outside the city limits of Battle Creek when struck and killed by the defendant's car. A verdict for plaintiff was reversed for errors in the instructions, but the court refused to grant judgment notwithstanding the verdict. In discussing the contributory negligence of the deceased the court said it was his duty, the time being high noon on a clear day and with an unobstructed view for more than three blocks, to have ascertained whether the car was so far away that he could have crossed

the pavement before he undertook to do so. It is also to be noted that in Michigan the rule is that before a plaintiff may recover damages in an action for the wrongful death of his decedent it must appear by a preponderance of the evidence that the decedent was himself free from negligence which either caused or contributed to his death.

Having come to the conclusion that the issue of plaintiff's contributory negligence was for the jury, there is no lack of evidence to sustain the verdict, for, as already stated, defendant admits that the jury could find that defendant's negligence caused the injury and that the damages are not excessive.

Error is assigned because the court refused to give this instruction asked by defendant:

"The statute requiring the driver of a vehicle to yield the right of way to a pedestrian crossing a highway within a pedestrian crossing is not decisive or important unless one of these parties saw the other in time to avert the collision or acted on the assumption that the other would yield the right of way."

While this language is used arguendo in Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668, it seems to us plain that it would be palpable error to use it in an instruction under the present statute and the evidence in this case. 1 Mason, 1927, § 2720-18(c), was enacted since the decision of Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668. The jury could find that had defendant exercised due care he should have discovered plaintiff on the cross-walk in ample time to have averted striking her. The jury could also find that plaintiff entered the cross-walk under the expectation that no car would come to the crossing from the direction defendant came until she was safely across. So the jury could not be charged that the right of way statute was not decisive or important unless one of them saw the other in time to avert the collision. The observance by defendant of the statute as to right of way of a pedestrian on a cross-walk would certainly have averted the injury to plaintiff. In our opinion the trial court did not err in refusing to give the requested instruction.

The order is affirmed.

286

LORING, J. (dissenting).

According to her own testimony the plaintiff, having as she claims looked both ways before leaving the north curb, did not look again to the right until she collided with defendant's car. The arterial street she attempted to cross was the principal avenue of traffic from Duluth to its western suburbs and was the route of trunk highway No. 1. She attempted to cross it at 9:30 o'clock on a clear evening before a holiday. She says that when she looked to the right before leaving the curb she saw no car approaching from that direction. Either she did not look as she claims, or paid little heed to what she saw, or deliberately took a chance. Had she looked she must have seen defendant's car, because at the highest rate of speed claimed by plaintiff's witnesses it would not have been more than 450 feet away. That its headlights were lighted is undisputed. According to her own evidence, there was nothing to obstruct her view. The street was dry. The weather was clear. A momentary glance to her right as she approached or passed the middle of the street would have disclosed the approach of the car and would have entirely avoided the deplorable accident. Instead of that she chose to ignore possible eastbound vehicles and to walk briskly on, heedless of approaching traffic, and did not stop until the moment of impact, when doubtless she involuntarily threw out her arm and it was caught in the door handle of his car as defendant swung it to the right in an attempt to avoid hitting her. True, he was negligent in speed and in failure to observe her sooner; but there is no evidence that his car sideswiped her or skidded sideways toward her. Her own witnesses do not say so, and defendant's testimony to the contrary is positive. His wheels locked or dragged sufficiently to make the usual screeching sound. But the pavement was dry, and the evidence of both sides shows positively that he had turned to the right enough to avoid hitting her head-on and was still turning as they collided. That being the case, the rear of the vehicle in making the turn was farther to the south and farther from plaintiff, had she stood still, than the front end, which missed her. She must have been still going in order to collide

with the car. That physical fact demonstrates positively that she did not stop until the moment of impact. She says herself that she did not look to the right and was not aware of the car until the impact. If she was not aware of the car, of course she did not stop, because she was hurrying across; and, unless she heard the car or stopped to make an observation, she would not stop at all.

That she had the right of way at the cross-walk does not relieve her of the duty to exercise such care as ordinarily prudent persons exercise in like circumstances. Her duty to look in the direction from which danger was to be anticipated was a continuing one in the sense that she must continue to exercise ordinary prudence. In my opinion, such prudence required her to look to the left as she crossed or was about to cross the zone where the stream of traffic came from that direction, and again to the right when she approached or entered the zone where the stream of traffic came from that side. Pedestrians of ordinary prudence do so and are expected to do so by all who use the street.

This was not a case where plaintiff saw defendant's car and underestimated its speed, or where she saw it and expected that defendant would yield the right of way. This woman heedlessly disregarded the approach of a vehicle which must have been in plain sight when she claims to have looked and heedlessly refrained from taking the most ordinary precaution on entering the eastbound zone.

The common law rule of contributory negligence as a complete defense is a harsh doctrine and too often makes one negligent party bear the entire consequences of the negligence of both. Doubtless it should be modified by the legislative adoption of a rule more generous to injured plaintiffs; but, as long as it remains unmodified by the legislature, it is the duty of this court to give it effect.

The rule that a question of negligence becomes one of law for the court when reasonable judicial minds would not differ as to the interpretation of conduct should be still in force in this state. It is fundamentally necessary to the administration of justice. Notwithstanding what may have been decided in other and dissimilar

288

cases, I cannot see how reasonable minds could decline the conclusion that a pedestrian is negligent who heedlessly walks into the side of a moving vehicle. If pedestrians generally conducted themselves as did this plaintiff, the terrible toll of traffic accidents would be multiplied.

STONE, J. (dissenting).

I concur in the opinion of Mr. Justice Loring.