H. H. BOLSTER v. FREDERICK M. COOPER AND ANOTHER.[1]

March 3, 1933.

No. 29,249, 29,252.

[1]Reported in 247 N. W. 250.

*Orr, Stark, Kidder & Freeman* and *Cobb, Hoke, Benson, Krause & Faegre,* for appellants.

*Benjamin Bessler, B. W. Wilder,* and *F. M. Miner,* for respondent.

OLSEN, JUSTICE.

Defendants separately appeal from orders denying their respective alternative motions for judgment or a new trial.

The action is one to recover damages for personal injury claimed to have been caused by the negligence of defendant Cooper in operating an automobile, driven by him in the business of his employer, the defendant Metropolitan Life Insurance Company. The two appeals have been here presented and argued together. The two questions raised by each appeal are: (1) Whether the plaintiff was guilty of contributory negligence as a matter of law; (2) whether the verdict is so excessive as to require a new trial.

Plaintiff was crossing a street on the proper cross-walk, at a street intersection, and was a little more than half way over when struck by the automobile driven by Cooper, coming from his right. Under the statute, 1 Mason, 1927, § 2720-18(c), it was the duty of defendant Cooper to yield the right of way to plaintiff, a pedestrian on the crossing. Plaintiff, being on the crossing some time

before the automobile reached it, had the right of way. The accident happened late in the afternoon on December 4, 1930. The weather was misty or rainy, and it was getting dark, so that Cooper had the headlights on his car burning. As Cooper approached the crossing he saw the plaintiff on the cross-walk. Plaintiff testified that when he came to the crossing or just at the time he started to cross he saw the car, or the lights of the car, some two blocks up the street to his right; that he saw the car again when it was some 200 feet away, and then did not see it until it was right upon him; that in walking across he had his head turned to the right.

■ The fact that plaintiff was first upon the crossing and had the right of way did not absolve him from the duty of exercising ordinary care for his own safety. But in a situation such as here shown the question whether plaintiff did exercise due care or whether he was guilty of contributory negligence is a question of fact for the jury. Generally, where a pedestrian is upon a proper street crossing and has the right of way and is struck by an automobile, the question of his contributory negligence is for the jury. There is nothing in the evidence presented by the record warranting us in holding plaintiff guilty of contributory negligence as a matter of law. Much stress is placed on the fact that plaintiff in one part of his testimony said that in going across he had his head turned to the right. We do not deem the statement of great importance. The question of the contributory negligence of a pedestrian crossing or being upon a street has been passed upon many times by this court. We need not go over the same ground again. A few of our cases may be cited. Liebrecht v. Crandall, 110 Minn. 454, 126 N. W. 69; Allen v. Johnson, 144 Minn. 333, 175 N. W. 545; Johnson v. Schuler, 152 Minn. 137, 188 N. W. 271; Lustik v. Walters, 169 Minn. 313, 211 N. W. 311; Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198; Kinnonen v. Adolphson, 173 Minn. 138, 216 N. W. 605; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Heikkinen v. Cashen, 183 Minn. 146, 235 N. W. 879.

■ The verdict is challenged as excessive. It was for $1,500, reduced by the trial court to $1,200. Plaintiff was thrown with some violence upon the pavement. There were no broken bones, and only a few days' time was lost. The doctor's charges were $35. There was a bruise on plaintiff's back. He testified that there was continuing pain and some stiffness; that he was unable to do any heavy lifting or heavy work which he had done before; that his employer gave him lighter work after the accident. The doctor diagnosed the injury as some torn or injured ligaments in the back, and testified to some weakness and stiffness of the back which he thought would be permanent. As reduced by the court the verdict is not excessive.

Each order appealed from is affirmed.

C. A. Pidgeon, for respondent.

[1] Reported in 247 N. W. 694.