## ALICE HEATH v. JOE WOLESKY.[1]

November 21, 1930.

No. 28,026.

*Sawyer, Lord & Munck* and *Brown, Somsen & Sawyer,* for appellant.

*Moonan & Moonan,* for respondent.

STONE, J.

As special administratrix of the estate of Walter Heath, deceased, plaintiff, his widow, had a verdict for the damages resulting from his death because of the alleged negligence of defendant. The latter

[1]Reported in 233 N. W. 239.

appeals from an order denying his motion for judgment or a new trial.

Deceased received the fatal injury while the guest of defendant and a passenger in his automobile, after dark, on the evening of April 30, 1929. Defendant was driving south on trunk highway No. 1, about a mile north of Medford in Steele county. The road is paved to a width of 18 feet, with six-foot shoulders. The pavement was in good condition and dry. Going down an easy grade at a speed put by defendant at 35 miles an hour, his car suddenly swerved sharply to the right, projected itself across the shoulder, through the ditch, and came to rest against a fence 39 feet from the pavement. Heath was found in a dying condition 41 feet from the point where the car stopped. A cushion and the car top were found 48 feet from it. Defendant's only testimonial attempt at explanation is that an automobile approaching from the other direction, when about 75 feet distant from him, suddenly turned toward his side of the road; that he "turned out far enough to miss it, and that was too far"; that his right front wheel left the pavement, the car went into the ditch and turned over. There is some testimony of his admissions against interest or by way of impeachment of defendant suggesting a claim by him that he was blinded by the lights of the approaching car and took the chance of going into the ditch rather than having a collision. He told one witness that when he applied his brakes they "pulled him into the ditch."

There is other testimony for defendant which if believed by the jury, as it may have been, would have resulted in the conclusion that the other car and its blinding lights were a myth and that the only car on the road was one approaching from the south and about 1,000 feet away when defendant's car left the road.

■ We find nothing objectionable in the submission to the jury of the rule res ipsa loquitur, conditioned as it was on their repudiation of the explanations of the accident attempted by defendant. Under the charge as a whole the jury could not have applied the res ipsa rule unless they repudiated defendant's claim concerning the other car. It is apparent that they did so. That explanation out of the way, the case becomes plainly subject to the rule in

question. Defendant testified that his car was in good condition. It was under his exclusive control, and the accident was such as in the ordinary course of events does not happen if the one in control of the instrumentality of injury uses due care. In such case the accident itself may afford reasonable evidence, in the absence of other explanation, that it arose from a want of due care. 4 Dunnell, Minn. Dig. (2 ed.) § 7044.

■ Error is assigned upon portions of the charge, which, it is now said for defendant, submitted the questions of the adequacy of the lights and brakes on defendant's car as independent evidences of negligence. But we cannot agree in the construction put upon the charge by counsel for defendant. The jury were told that the law, meaning the uniform highway act (1 Mason, 1927, §§ 2720-1 to 2720-69) required adequate brakes and lights and that the latter be used as prescribed. These instructions were but a part of those stating the statutory rules of the road for the general guidance of the jury. Neither inadequacy of brakes nor lights was submitted as an independent ground of recovery. The instructions were that the rules applied not only to defendant but also to the drivers of approaching cars. To that extent they were in defendant's favor and in aid of his explanation, which assumed the near and dangerous approach of a car from the opposite direction. In view of defendant's admission that possibly his brakes were so applied and so operated as to throw him from the road and of his claim about being blinded by the lights of the other car, certainly there was no objection to the jury's being told what the law required in respect to both lights and brakes.

■ It was not prejudicial error to refuse defendant's request for an instruction that he had a right to "assume" that cars he was meeting would give him half the pavement. Under the circumstances defendant had no right to that broad and unqualified instruction. He saw the other car, if in fact there was one, and observed a movement of it which indicated that its driver might not give him half the road. Whatever others may do, one must always exercise ordinary care for his own protection against injury

and "may not rely upon the assumption that others will not be guilty of any breach of their duty to avoid injuring him where, under the same or similar circumstances, an ordinarily prudent person would not do so." 45 C. J. 956.

The duty involved is that of due care (Fitch v. City of Blue Earth, 180 Minn. 125, 230 N. W. 469) and it is not due care to depend on the exercise of care by another when such dependence is accompanied by danger. Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606, 46 A. L. R. 993; Walker v. St. Paul City Ry. Co. 81 Minn. 404, 84 N. W. 222, 51 L. R. A. 632.

The other assignments of error do not justify extended discussion. One goes to the alleged misconduct by counsel for plaintiff in relation to the fact that defendant carried liability insurance. Plaintiff's counsel did use in argument a statement which it is hard to justify. But on the record we are unable to conclude that his comment, argumentative in nature, was not excused by what had been done on the other side and by evidence which had come into the case legitimately as to the misconduct of a representative of the insurance company which carried the risk and was defending. The trial judge was satisfied that nothing prejudicial had taken place, and we are not able to say that his conclusion was wrong.

The order appealed from must be affirmed.

So ordered.