# JOHN E. REDDY v. REX OIL COMPANY AND OTHERS.[1]

December 19, 1930.

No. 28,225.

*Samuel Lipschultz,* for appellant.
*Ernest E. Watson,* for respondents.

STONE, J.

After verdict directed for defendants, plaintiff appeals from the order denying his motion for new trial.

[1]Reported in 233 N. W. 853.

Defendant Steidl, employe of his codefendant St. Paul Terminal Warehouse Company, near midnight of November 30, 1929, was driving one of its large oil trucks east on University avenue in St. Paul. The atmosphere was clear except for occasional snow flurries. Plaintiff, driving a sedan in the same direction, desired to pass the truck, which was either "straddling" the south rail of the double street car tracks on University avenue or so close to it that the body of the truck overhung that rail. The distance between the truck and a passing westbound street car was thereby so reduced that there was no room for an automobile to pass between, or at best the clearance on either side would have been a matter of inches.

Plaintiff's testimony is that, wanting to pass the truck and going 20 to 25 miles an hour, he drew up behind it and continuously sounded his horn but without effect on defendant Steidl, the truck driver. It must have been apparent to plaintiff either that Steidl had not heard his horn or was not intending to pay any attention to it. If he heard it he was violating the statute requiring him to permit plaintiff to pass. (1 Mason, 1927, § 2720-14.) Notwithstanding the failure of the truck to turn to the right (there was plenty of room between it and the curb) plaintiff started to pass and so far succeeded that the front of his car got even with the rear of the truck's cab. Then he saw a street car coming from the east on the northerly track. He had gotten well over onto that track. To make matters worse, the truck, so plaintiff says, instead of turning out to let him pass, turned in somewhat, forcing him still farther into the danger zone. Plaintiff puts the distance at which he saw the street car at 400 feet. It was close enough so that he perceived the imminence of danger. The motorman of the street car, witness for plaintiff, saw the oncoming truck and says that when it was 200 or 300 feet away plaintiff "pulled out from behind [the truck] to the left, pulled onto my track." He saw the danger immediately, blew the whistle and kept on blowing it, "threw off the power," and applied the air. He insists that his car had stopped before the collision, and plaintiff admits that at the most the car moved but a few feet after hitting him. Probably plaintiff could

not have so accelerated his own speed as to get ahead of the truck and out of the way before meeting the street car. But he made no use of his brakes. All he did was to remove his foot from the accelerator pedal. There was no contact between his machine and the truck, and the latter had passed and was out of the way when the impact occurred.

Assuming, as we must, that defendant Steidl's negligence was a question for the jury, we are still unable to escape the conclusion reached by the learned trial judge that plaintiff himself was guilty of want of care proximately contributing to the collision. It would have come as surely if the truck had not swerved to the left. (Steidl denies that it did.) Whether its results would have been greater or less is matter for speculation. Plaintiff deliberately went into a place of obvious danger. That and his failure to make prompt use of his brakes make contributory negligence as matter of law. The danger into which plaintiff had knowingly projected himself was great and the degree of care required commensurate with the hazard. Plaintiff's conduct suffers badly when compared with that of the motorman, who had almost, if not quite, stopped his car before the collision. Had plaintiff done anywhere near as much to extricate himself from the self-imposed emergency, there would have been no accident. That the hazard may have been increased by defendants' negligence is not enough to make them liable. The negligence of both parties may have so combined to produce the accident that there is no liability of one to the other.

It is impossible in the ordinary case to acquit of negligence as matter of law the motorist, a veritable plague on the highway, who insists on passing anything and everything ahead of him regardless of the hazard of collision with vehicles coming from the other direction. One may not knowingly take such "close chances" (Gibbs v. Almstrom, 145 Minn. 35, 37, 176 N. W. 173, 11 A. L. R. 227) and then legally demand that another shall pay the resulting damage. While the statutory rules of the road "standardize rights and duties," they do not protect a motorist having at the moment the superior right from the consequences of his own "independent acts of negligence." Rosenau v. Peterson, 147 Minn. 95, 97, 179 N. W. 647.

■ There is no ground for charging defendants with wilful negligence. It is not shown that defendant Steidl, driving the oil truck, was aware of plaintiff's position and the attending danger. Westerberg v. Motor T. S. Co. 158 Minn. 202, 197 N. W. 98.

■ Plaintiff is not helped by the rule which he invokes giving him the right to rely on obedience of the rules of the road and the exercise of due care by defendants. For some distance, on his own testimony, plaintiff had been trying, by "tooting" his horn, to get defendants' truck to "move over" to allow him to pass. Before plaintiff attempted to do so, it had become plain that his horn had not been heard by Steidl or that in any event the latter was holding his course and was not going to yield any road to plaintiff. Plaintiff could assume only that Steidl would observe his "duty toward him up to the time when it appeared" that he would not. Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 324, 201 N. W. 606, 46 A. L. R. 993; Walker v. St. Paul City Ry. Co. 81 Minn. 404, 84 N. W. 222, 51 L. R. A. 632. See also Heath v. Wolesky, 181 Minn. 492, 233 N. W. 239, where we have recently had occasion to consider the extent to which one may regulate his own conduct on the assumption that others will exercise due care and obey the law.

Order affirmed.