## MARGARET COGIN v. LESLIE IDE.[1]

February 21, 1936.

No. 30,746.

*Samuel A. Anderson* and *Russell M. Carlson,* for appellant.
*Orr, Stark & Kidder,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from an order denying her motion for a new trial after verdict for defendant and from the judgment in favor of defendant thereupon entered.

The assignments of error present three questions: First, it is assigned that the verdict is not justified by the evidence; second, that the court erred in submitting to the jury the question of plaintiff's contributory negligence; and, third, it is claimed that it was the duty of the court, in the interest of justice, to set aside the verdict and grant a new trial, and that the court abused its discretion in not so doing.

The plaintiff brought suit against the defendant to recover for personal injuries suffered by her when struck or bumped by an automobile driven by the defendant as plaintiff was crossing the

[1]Reported in 265 N. W. 315.

street on a pedestrian crossing or crosswalk at the intersection of Wabasha and Sixth streets in the city of St. Paul. The accident happened at an early hour on September 12, 1934, shortly after midnight. Wabasha and Sixth streets intersect at right angles down in the closely built business section of the city, Wabasha street running north and south, and Sixth street east and west. Plaintiff testified that she was walking south on the east side of Wabasha street; that when she came to the curb at the intersection of the two streets she stopped and looked both ways; that she saw no automobile approaching on Sixth street to her right; that she did see the lights of some cars on Sixth street to her left, but at a sufficient distance away so that there was no danger in crossing. Defendant's car came from the west, to plaintiff's right, on Sixth street. From Wabasha street, looking west on Sixth street, the view extends only one block, as Sixth street makes a turn one block west of Wabasha street. After stopping at the curb, as stated, and looking both ways, plaintiff started to cross Sixth street on the regular pedestrian crossing on the east side of Wabasha street. When she arrived approximately at the center of Sixth street she again looked for approaching cars, and saw a car to her right, coming from the west on Sixth street, which no doubt was defendant's car. She estimated that defendant's car was half a block or somewhat less distant. She continued walking on the crossing and was struck or bumped by defendant's car when she had reached a point about three feet from the curb on the south side of Sixth street. The night was dark, and the pavement on the streets was wet, it having rained some time before that.

The defendant testified, in substance, that he approached this intersection, coming from the west on Sixth street, at a slow rate of speed; that when he arrived at the west side of Wabasha street, before entering the intersection, a taxicab coming from the south on Wabasha street made a left turn onto Sixth street in front of his car; that he slowed up and practically stopped to let the taxicab pass and shifted gears into low; that he then proceeded into the intersection, glancing to his right and left, and put on more power to cross the intersection; that he did not see the plaintiff

until she was practically in front of his car; that he then jammed on his brakes and stopped in two or three feet, but not in time to avoid the bumper of his car striking the plaintiff; that plaintiff was knocked to the pavement and was lying near the right front wheel of his car, but was not run over by the car; that plaintiff was dressed in dark clothing and he could only distinguish her face; that there was no other traffic around at the time; that both streets are level at the intersection; that the collision occurred about eight feet from the curb on the south side of Sixth street. Defendant further testified that the brakes and lights on his car were in good condition; that he could see an object approximately 125 feet away in the direction in which he was going, and that at the west side of the intersection he looked ahead and could see all of the intersection, and that, if there had been a person ahead of him, he could have seen such a person if he had been looking; that plaintiff was not in front of him when he looked as he entered the intersection; that he could have seen a man anywhere in front of him if he had directed his glance there. He further testified that the atmosphere was misty or foggy, but not so much so as to cause any moisture on the windshield, and that his windshield was perfectly clear.

The court submitted the case to the jury as a case of ordinary negligence and contributory negligence, defining "negligence" as the failure to exercise ordinary or reasonable care, such care as a person of ordinary prudence would have exercised under the same or similar conditions. In connection with submitting the case the court read to the jury from 1 Mason Minn. St. 1927, as follows:

"2720-3 (a) No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property."

"2720-4 (a) Any person driving a vehicle on a highway shall drive the same at a speed not greater than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, and of any other conditions then existing."

"2720-18 (c) The driver of any vehicle upon a highway where the same passes through the closely built up portions or residence por-

tions of any municipality shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block."

And the court said: "And by the term 'right of way' is meant the privilege of the immediate use of the highway."

The court also submitted to the jury the following special question: Was the plaintiff, Margaret Cogin, guilty of contributory negligence proximately causing her own injuries? The jury returned a verdict in favor of the defendant and answered the special question submitted, "Yes." The plaintiff, just before the charge was given, moved the court to instruct the jury that there was no evidence creating any issue of fact on the question of contributory negligence. This motion was denied, and, in the motion for a new trial and on her appeal here, the plaintiff alleges error on the part of the court in submitting the question of contributory negligence to the jury.

There is no material dispute in the testimony as to the facts and circumstances surrounding the accident. That the defendant was guilty of negligence seems quite clear, and we may assume that the jury so found. It is apparent, both from plaintiff's testimony and the circumstances as to where the accident happened, that she was on the crossing before the defendant entered the intersection and that he failed to comply with the statute requiring him to yield to plaintiff the right of way. It is equally clear that defendant failed to exercise ordinary care to keep a lookout ahead after he entered the intersection. He admits that he could have seen a person on the crosswalk if he had looked ahead during the time he was crossing. If he had done so he must have seen the plaintiff in ample time to avoid the collision. If he had observed the plaintiff at any time up to the point where he was within ten feet of her, going at the rate he said he was going, he could readily have swerved his car to the left and avoided the accident. The collision was with the right front part of defendant's car. At the point of the collision there was over 30 feet of open space in the street to defendant's

left, with no interfering traffic. If he had swerved his car two or three feet into this clear open space the accident would have been avoided. No excuse is shown for his not doing so. He would not have had to get any part of his car over beyond the center line of Sixth street in order to avoid striking the plaintiff.

The question of contributory negligence is the important question in the case. We start with the proposition that the burden of proof on that issue rested upon the defendant, but the evidence presented by both parties is to be considered. The plaintiff, having the right of way on this crossing, had the right to assume within reasonable limits that the defendant would observe the law and yield such right of way to her until and unless it became apparent to her that defendant would not do so. Reddy v. Rex Oil Co. 182 Minn. 139, 233 N. W. 853. The fact that she did have the right of way did not absolve her from exercising ordinary care for her own safety. But the undisputed facts here shown present no reasonable ground for finding any failure on plaintiff's part to exercise ordinary care. She looked before entering upon the crosswalk and again at about the center of the street and saw no apparent danger. If she had looked and had seen defendant's car approaching when she was farther along, the car going at the rate of speed testified to by defendant, there was no reason for her to apprehend that defendant would not so control and guide his car as not to collide with her. No danger would reasonably be apparent until defendant was so close that she could not get out of his path. We have been referred to no case where the facts were identical or practically similar to the facts in this case, where a jury verdict finding the plaintiff guilty of contributory negligence has been found or sustained. We are familiar with the holdings that in street intersection cases, especially between automobiles, the questions of negligence and contributory negligence are generally for the jury. Our present case can hardly be said to come within that rule. There are many cases holding that on somewhat similar facts the plaintiff is not guilty of contributory negligence as a matter of law. One of the late cases is Plante v. Pulaski, 186 Minn. 280, 243 N. W. 64. The rule is well established that where there is no evidence from

which the jury might reasonably infer contributory negligence it is prejudicial error to submit that question to the jury. Vukos v. Duluth St. Ry. Co. 173 Minn. 237, 217 N. W. 125; Bakkensen v. Minneapolis St. Ry. Co. 184 Minn. 274, 238 N. W. 489.

The statutory provision giving the pedestrian the right of way on a crossing must be given some effect. Where, as here, the plaintiff has such right of way, she should not be held guilty of contributory negligence unless it appears that, under the circumstances shown, she saw and appreciated the danger of the approaching car in time to avoid the collision, or was charged with the knowledge of the danger. It must be assumed that she did not intentionally expose herself to a known danger. But if we hold that one not aware of danger and having the right of way must nevertheless yield the right of way to an approaching car, which plaintiff would have had to do in this case to avoid injury, then we are not only depriving her of her statutory right of way, but we are turning the statute around and conferring the right of way on the defendant.

It may be claimed that we are giving too much credence to plaintiff's testimony and that her credibility was for the jury. A fair outline of the testimony of both parties, we believe, has been given, and, as stated, the evidence of both parties is to be considered on the question. There is no dispute in the testimony except on the one minor and unimportant item as to whether the collision occurred about three feet or about eight feet from the curb on the south side of Sixth street. As indicated by the place where plaintiff was knocked down, she was hit by the right corner of the bumper or the right front fender of the car. Defendant was sitting on the left side of the car in the driver's place. The car was at least four feet wide. Defendant would be some six or seven feet from the curb. There is nothing in this item of evidence to discredit the testimony of either party. The rule that the jury are the judges of the credibility of the witnesses has its limitations. It is well settled in this state that the uncontradicted testimony of an unimpeached witness, given with apparent fairness, not containing within itself contradictions or inherent weakness or improbabilities, and not shown by other circumstances in the case to be false, can-

not be disregarded by the jury or the court. Plaintiff's testimony here was not contradicted. As far as appears, it did not contain contradictions or inherent weakness or improbabilities, and the circumstances proved do not show that it was false. But assuming, while not conceding, that the jury had the right to disregard plaintiff's testimony, what, then, is there left to show contributory negligence? There is left the fact that, as plaintiff had the right of way and was crossing the street, she was struck by defendant's automobile when she had nearly reached the opposite curb. The only reasonable inference or conclusion that could be reached, even if defendant was driving at a slow rate of speed, was that plaintiff was first on the crossing, had the right of way, and was unaware of danger. There is no contrary contention.

To prevail on the ground of contributory negligence, the defendant had two hurdles to surmount. First, he had the burden of proving such negligence on plaintiff's part; second, he had to show that plaintiff had, by her own conduct, lost her right of way. He has not succeeded in doing either. The evidence does not sustain the finding of contributory negligence.

Plaintiff's counsel devoted much of their brief to the discussion of whether this court should make a new law as to contributory negligence and hold that in these accident cases contributory negligence is not a defense. Contributory negligence has been recognized and applied by this court in these and similar cases involving accidents ever since the court was established. Whatever may be our view as to what the law should be or what changing circumstances may have affected the situation, we are satisfied that the question of whether or not contributory negligence should be abolished as a defense in these accident cases is a question not for the court, but for the legislature. The legislature has abolished contributory negligence in workmen's compensation proceedings and has changed the law as to employes of common carriers by adopting the rule of comparative or proportionate negligence in harmony with the federal statute as to employes of common carriers in interstate commerce. If any change is to be made as to other accident cases, it should be made by the legislative body.

Plaintiff's counsel also argue that it was error for the court to fail to submit to the jury the question of defendant's negligence as a matter of law if he violated the right of way statute, the claim being that, by submitting the case as a case of ordinary negligence, the verdict of the jury as to contributory negligence might be affected by such failure. We do not consider that question. There was no exception to the charge as to common law negligence, no request to charge more fully as to the effect of any violation of the statute, and no assignment in the motion for a new trial or in the appeal here of any error on that ground.

Plaintiff's counsel also suggest that, even if we hold that the question of contributory negligence was for the jury, we should nevertheless grant a new trial in the interest of justice. That also we need not here consider.

Holding as we do that the defendant has wholly failed to sustain the burden of proving contributory negligence on the part of the plaintiff, the order and judgment appealed from are reversed and a new trial granted.

Reversed.

STONE, JUSTICE (dissenting).

Quite aside from the circumstance that plaintiff, as a witness, was an interested party, the established fact is that she was hit by an automobile proceeding very slowly and barely "bumped" by it. That makes it impossible for me to say that the jury had no support for its inference that plaintiff was not exercising due care for her own safety. We usurp the jury's function, I submit, when we exclude from their field even one reasonable inference from established facts by confining them, as in my opinion this decision does, to the mere words of witnesses when those words may be properly discounted by facts established to the point of demonstration.

That plaintiff had the statutory right of way does not make it impossible for her to have been guilty of negligence proximately contributing to her injury. I cannot escape the conclusion that the evidence taken as a whole does not repel reasonable inference that some omission of due care by her contributed to the accident.