CHARLES BECKLUND v. ELIAS DANIELS AND ANOTHER.[1]

March 31, 1950.

No. 34,949.

---

[1]Reported in 42 N. W. (2d) 8.

*Erickson & Erickson,* for appellant.
*Meagher, Geer & Markham,* for respondents.

LORING, CHIEF JUSTICE.

This is an action for personal injuries received by plaintiff October 18, 1946, while walking across the intersection of Cedar avenue and Sixteenth avenue south in Minneapolis when he came in contact with a car driven by defendant Elias Daniels and owned by defendant Kenneth Keisling. The jury rendered a verdict for defendants, and plaintiff appeals from the order denying his motion for a new trial.

This case has been tried twice. In the first action, the jury also found for defendants, but the court granted plaintiff's motion for new trial.

Cedar avenue runs north and south from Seven Corners, and Sixteenth avenue south runs in a northeasterly and southwesterly direction at the point where they intersect, making an oblique angle with Cedar avenue. Sixteenth avenue terminates at Cedar avenue, and Third street runs east from that intersection. Two and One-Half street intersects with and terminates at Cedar avenue at a point about half a block north of the Sixteenth avenue intersection. About 8 p. m. on October 18, 1946—a dark night—plaintiff was walking north on Cedar avenue on the west side of the street. He had come from a bar where he admitted that he had had two drinks of Paul Jones whiskey. When he reached the intersection at Sixteenth avenue, he looked in both directions but asserts that he saw no car coming. He then proceeded north across the intersection of Sixteenth and Cedar avenues. Because of the diagonal intersection, the distance from curb to curb is 126 feet. The lights at the intersection were so placed that there was a dark spot about midway

across the space which plaintiff was attempting to traverse. When he had gone about 76 feet into the intersection, either he was struck by or he walked into the side of a 1936 Buick driven by defendant Daniels. The car was moving about 15 miles per hour and, according to the evidence, made a slow, gradual, 45-degree right turn from Cedar into Sixteenth avenue. Daniels' car had necessarily been in sight as it was driven south on Cedar avenue approaching Sixteenth avenue. Plaintiff testified that he saw the car starting to turn when it was opposite Erick's Bar, which is north of Sixteenth avenue on the west side of Cedar. The distance from the point where Daniels started to make his turn to the point of the accident is about 70 to 75 feet. Daniels admitted that he did not see plaintiff until just about the time the contact occurred and that he did not see in what direction plaintiff was going. Daniels' windshield was somewhat dirty, but not enough to interfere with his vision. The car was also dusty. He testified that he was looking straight ahead in front of his car and that at no time was there any pedestrian in the path of the car as he made the turn to his right. Plaintiff, he said, "was to the left of me, left front fender." He asserted that plaintiff's contact was with the left front fender. Both a police officer and Daniels observed marks from a person's hands on the top of the left front fender of the car, halfway back from the front of the fender, in such a position as to indicate that the person making the marks had been facing the side of the car. Defendant was driving with his city lights, whose beam is shifted somewhat from the left side of the road. It reduced the distance of the illumination in front of the car to about 100 feet. The surface of the street was dark. Plaintiff contended that he was struck below the right knee by the bumper and that he was standing still at the time. However, according to plaintiff's testimony, there were no bruises on the right side of the leg to corroborate his contention. He was knocked unconscious by the fall and received a comminuted fracture of the lower right leg.

■ Does the evidence sustain a finding of contributory negligence on the part of plaintiff?

Defendants' contention that plaintiff walked into the side of the car is supported in some degree by the hand marks on the top and middle of the fender and by Daniels' testimony that, at the time of contact, plaintiff was to the left of the left front fender. There is also evidence that there was no bruise or black-and-blue mark at or near the point on plaintiff's right leg where the fracture occurred, and no damage to his clothing in that area. Added to these facts is the evidence of plaintiff's having had two drinks of whiskey. Hence, defendants argue that plaintiff's leg could have struck some part of the moving front wheel, such as a tire lug on the 1936 Buick, or that the injury could have occurred by twisting the knee in falling or by striking the knee upon the pavement. Be that as it may, there are facts from which the jury could reasonably draw the conclusion that plaintiff was negligent either in walking into the side of the car or in front of it.

Plaintiff relies on M. S. A. 169.21, subd. 2, which provides:

"Where traffic-control signals are not in place or in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk, at an intersection, except as otherwise provided in sections 169.21 and 169.22."

The law is clear that plaintiff was not absolved from the duty of exercising ordinary care for his own safety merely because he was on the crosswalk and had the right of way. Bolster v. Cooper, 188 Minn. 364, 247 N. W. 250; Murray v. Jacobson, 195 Minn. 153, 262 N. W. 152. A pedestrian has a right to assume that a driver at an intersection will respect his right of way, but this cannot be turned into a rule which absolves a person from exercising the ordinary care of a prudent and reasonable man. Cf. Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606, 46 A. L. R. 993; Heath v. Wolesky, 181 Minn. 492, 233 N. W. 239; Reddy v. Rex Oil Co. 182 Minn. 139, 233 N. W. 853. The darkness of the night, the dark area in the middle of the intersection, and the fact that plaintiff saw de-

fendants' car making the turn into Sixteenth avenue would have warned a man of ordinary prudence that he might not be seen by the driver of the car and that he might not reasonably rely on his right of way as a pedestrian. The jury was justified in so finding.

■ Plaintiff contends that defendant Daniels was guilty of negligence as a matter of law. While this question may not properly be before us on this record, we do not agree that the evidence compels a finding that Daniels was negligent as a matter of law. Section 169.96 provides that violation of the provisions of that chapter is prima facie evidence of negligence only. Consequently, it is only when the evidence of the violation is unopposed by other evidence tending to show a reasonable explanation which might excuse the failure to comply with the statute that the violator may be negligent as a matter of law. Lee v. Molter, 227 Minn. 557, 35 N. W. (2d) 801; Olson v. D. M. & I. R. Ry. Co. 213 Minn. 106, 5 N. W. (2d) 492. In the case at bar, we cannot say that defendant Daniels was guilty of negligence as a matter of law in failing to see plaintiff, where there was evidence that the accident occurred on a dark night; that the street was dark where plaintiff was walking; that he was wearing dark clothing; and that defendant had his city lights on. There were also facts tending to prove that Daniels did not see plaintiff until the moment of collision and that plaintiff collided with the side of Daniels' car. Since there was evidence tending to support a finding that the violation of the statute was excusable, the issue of Daniels' negligence was properly submitted to the jury. The charge of the court adequately covered the question of his negligence. The charge in its entirety was fully as favorable to plaintiff as the evidence would justify.

■ Plaintiff contends that the court erred in refusing his requested instructions No. 1 and No. 2. No. 1 provided:

"Under Section 169.21, Minnesota Annotated Statutes, the Statute imposes duty on automobile drivers of yielding to pedestrians on crosswalks, not mere obligation to use ordinary care."

No. 2 provided:

"You are further instructed *as a matter of law* that this Plaintiff in crossing this intersection after he had entered the intersection and proceeded across the center of intersection and was approaching the other side, that it was the duty of this defendant traveling from the north and on his right side of said intersection, to yield the right of way to this pedestrian. In other words, it was his duty to see him as he was crossing in the manner in which he claims; that is, if he were crossing as he claims, it was the defendants [*sic*] duty to see him and yield the right of way to him and avoid striking and running into him." (Italics supplied.)

As to requested instruction No. 1, it was adequately covered in the charge. The court read the statute which accords to pedestrians the right of way when within crosswalks. It also stated:

"If there has been a violation of the law, it has this effect. In the absence of valid excuse or justification, the violation of the duty imposed by statute or ordinance, proximately resulting in injury to one for whose benefit such laws were enacted results in liability, irrespective of such conduct as would constitute negligence in the absence of such law."

The court then proceeded to read to the jury the provisions on maintaining reasonable speeds under the conditions and circumstances of the highway, and a provision similar to § 169.21, subd. 2.

As to requested instruction No. 2, the court did not err in refusing this instruction, because it ignores § 169.96, which provides that violation of the provisions of that chapter shall, in civil actions, be prima facie evidence of negligence only.

Order affirmed.