# MARY SWANSON v. WOODROW CARLSON.[1]

June 16, 1950.

No. 35,193.

*Samuel H. Bellman* and *H. Z. Mendow,* for appellant.
*Robb, Robb & Van Eps,* for respondent.

MAGNEY, JUSTICE.

Plaintiff, a pedestrian, was struck by defendant's car and injured. In the action which followed, the jury found for defendant. The appeal is from the judgment entered on the verdict.

Lyndale avenue in Minneapolis runs north and south **and is** 50 to 60 feet wide. Twenty-sixth street crosses it. On October 21, 1947, about seven o'clock in the evening, when it was almost **dark,**

[1]Reported in 43 N. W. (2d) 217.

plaintiff was crossing Lyndale avenue on the south crosswalk of Twenty-sixth street. Defendant was operating his car northerly on Lyndale avenue. When plaintiff had reached a point about 10 or 12 feet from the east curb of Lyndale avenue, she was struck by defendant's car. As defendant approached Twenty-sixth street, he was traveling about 15 miles an hour. His headlights were on. When he reached a point about 100 feet from Twenty-sixth street, the semaphore traffic sign changed to green in favor of Lyndale traffic. As defendant was going down Lyndale avenue, a car to his left was going in the same direction about 6 or 8 feet away and close to the center line of the street. There were no cars to his right except parked cars about 150 or 200 feet from the intersection. At the time the traffic light changed to green, the car to defendant's left was about even with his, and, in defendant's words, "he was passing me by the time I reached the intersection, he was a little bit ahead of me." As they neared the intersection, the front window of the passing car was possibly even with the front post of defendant's car. It was far enough in advance of plaintiff to obstruct his view to the left. The passing car stopped, and plaintiff appeared directly in the path of defendant's car. He applied the brakes instantly very hard. The brakes screeched a little. There were skid marks two or three feet long back of the car. Defendant was about 20 or 25 feet from plaintiff when he first saw her. He had seen no one in the intersection. The center of the car struck plaintiff just as it stopped. She fell directly on the crosswalk, about two or three feet from the car, slightly to the right, and about 10 or 12 feet from the east curb of Lyndale.

Plaintiff testified that the light had changed to green when she started to cross, and that it remained green all the time until she was hit. She would not answer directly that she watched the sign. Defendant's version was that the light turned green for him when he was about 100 feet from the intersection. In view of the verdict, this is the version we must accept. Even under defendant's version, the light was undoubtedly green for plaintiff when she started across. It is fair to assume that she walked about 20 to 25 feet

while defendant, traveling at 15 miles an hour, drove 100 feet. Before plaintiff started to cross, she said that she looked toward the south and saw three cars "coming side by side" about the middle of the block. She could not tell how fast they were moving. She did not see them again until just before she was hit. She said:

"Just as soon as I made one or two steps from the sidewalk I saw something on my side and I looked around and there was a car that was going to hit me."

She was asked:

"Now, as you were walking across Lyndale on Twenty-sixth, after you left the curb and started over, towards the east curb, did you look to your right there?"

To which she replied:

"I don't remember. I could feel something when I got closer to the sidewalk, I could feel it, hear something was coming, and I looked over and saw the car."

Until she was directly in the path of the car, she did not see it.

Plaintiff contends that she was free from negligence as a matter of law. Her conduct, as evidenced by her own testimony, has been detailed. In our opinion, it was a question for the jury to determine.

■ A pedestrian must exercise ordinary care for his own safety, even though he is on the crosswalk and has the right of way. Bolster v. Cooper, 188 Minn. 364, 247 N. W. 250; Murray v. Jacobson, 195 Minn. 153, 262 N. W. 152; Becklund v. Daniels, 230 Minn. 442, 42 N. W. (2d) 8. A pedestrian has a right to assume that the driver of an automobile at an intersection will respect his right of way, but this cannot be turned into a rule which absolves a person from exercising ordinary or reasonable care for his own safety. Becklund v. Daniels, *supra.* Here, it was almost dark. Plaintiff saw three cars, according to her testimony, coming abreast toward her about half a block away before she started to cross the street. She did not see the traffic light change to red against her while she was crossing. She paid no attention to the cars she had seen, and did

not see any of the approaching cars again until struck by the car farthest to the east. In our opinion, she was not free from negligence as a matter of law.

■ Plaintiff contends that defendant was guilty of negligence as a matter of law. M. S. A. 169.06, subd. 5(a)(1), requires the driver of a motor vehicle to yield the right of way to a pedestrian where the latter is lawfully on the crosswalk when the traffic signal authorizes the driver to proceed. A violation of this provision is prima facie evidence of negligence on the part of the operator of the car. § 169.96. It is only where the evidence of violation is unopposed by other evidence tending to show a reasonable explanation which might excuse a failure to comply with the statute that the violator may be held negligent as a matter of law. Lee v. Molter, 227 Minn. 557, 35 N. W. (2d) 801; Olson v. D. M. & I. R. Ry. Co. 213 Minn. 106, 5 N. W. (2d) 492; Becklund v. Daniels, 230 Minn. 442, 42 N. W. (2d) 8. It appears from the record that it was "almost dark" when the accident happened, that defendant was driving slowly, and that the car on defendant's left obstructed his view to the left. We have detailed the facts covering the situation. We are of the opinion that the defendant was not guilty of negligence as a matter of law.

Judgment affirmed.